## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JONATHAN PALOZIE, #11882-014,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 05-097-JPG** |
| | ) | |
| **RANDY DAVIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Several motions are pending in this action, each seeking a form of immediate injunctive relief. In his two motions (Docs. 7, 9), Plaintiff seeks an order directing Defendants to provide him with three hot food trays each day, as well as a low-sodium diet. A third motion (Doc. 11) seeks an order directing Defendants to provide him with one hour of outdoor exercise at least five days each week.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Plaintiff makes no showing on any of these elements in any of the motions listed above.

Moreover, the relief he seeks in these motions is unrelated to the claims in his complaint, which addresses events that occurred in June and July of 2004.  Therefore, without expressing any opinion on the merits of any of Plaintiff's claims for relief, the Court is of the opinion that injunctive relief should not issue in this matter at this time.    Accordingly, each of Plaintiff's motions (Docs. 7, 9, 11) are **DENIED**.

As for his most recent filing (Doc. 14), the Court construed this submission as a motion regarding his diet.  However, this document is actually a letter or memorandum that Plaintiff wrote to Warden Davis, Dr. Lyle, and the Clerk of Court in this District.  In this document, Plaintiff complains about his diet and other incidents at Marion; he also attached several exhibits regarding his various medical ailments.  This document contains no request for any specific relief;  therefore, as a motion, it is **MOOT**.

**IT IS SO ORDERED.**

**Dated: February 28, 2006.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**